UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAIN CII CARBON, LLC                         CIVIL ACTION

VERSUS                                       NO. 09-4169

CONOCOPHILLIPS COMPANY                       SECTION "C"(4)

# ORDER and REASONS

Before the Court is a Motion to Reconsider by plaintiff Rain CII Carbon LLC ("Rain CII"). (Rec. Doc. 33). Defendant ConocoPhillips opposes. (Rec. Doc. 35). The motion is before the Court without oral argument. After reviewing the memoranda and the applicable law, the Court DENIES the motion as set forth below.

## I. BACKGROUND

The factual and procedural history were detailed by the Court in its previous Order and Reasons, and will not be repeated herein. (Rec. Doc. 32). On August 17, 2009, the Court, having determined that removal was proper under 9 U.S.C. § 205, which grants federal district courts subject matter jurisdiction over actions in state courts relating to arbitration agreements falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), denied Rain CII's motion to remand and granted ConocoPhillips's motion to stay pending arbitration. (Rec. Doc. 32 at 2, 7). Rain CII timely filed its motion to reconsider,

alter, and amend under Federal Rule of Civil Procedure 59(e), alleging that the Court based its previous decision on manifest error of fact and law and that the ruling would result in manifest injustice. (Rec. Doc. 33 at 1-2).

Rain CII makes five arguments to support its motion to reconsider, which the Court will address in turn. It also makes two requests in the alternative: 1) that the Court amend its previous order and allow discovery related to its previous motion; and 2) that the Court amend its previous order to reflect its finality and certify it for appeal under 28 U.S.C. § 1292(b). (Rec. Doc. 33-2 at 2).

## II. LAW AND ANALYSIS

*A. Standard of Review under FRCP 59(a)*

Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000).

*B. The Appropriate Standard of Review for Motions to Stay Pending Arbitration*

Rain CII argues that the Court improperly applied a "low bar" removal standard to ConocoPhillips's motion to stay arbitration. (Rec. Doc. 33-2 at 3). It argues that the Fifth Circuit's decision in *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), stands for the proposition

that while motions to remand under 9 U.S.C. § 205 are subject to the "low bar," motions to stay must receive heightened scrutiny akin to summary judgment. (Rec. Doc. 33-2 at 3).

In support of its argument, Rain CII points to a recently decided case out of the Middle District of Louisiana, *Pioneer Natural Resources v. Zurich American Insurance Company*, No. 08-227-JVP-DLD (M.D. La. Oct. 7, 2009) (Rec. Doc. 41-2.). There, the court first denied plaintiff's motion to remand under the permissive jurisdictional standard (Rec. Doc. 41-2 at 4), and later denied defendant's motion to compel arbitration and remanded to state court (Rec. Doc. 41-2 at 14). In its later ruling, the court applied the four part test set forth in *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.*, 767 F.2d 1140 (5th Cir. 1985), to determine whether to compel arbitration. (Rec. Doc. 41-2 at 5-6).

Under 9 U.S.C. § 205, in assessing its jurisdiction, the Court must determine whether (1) the parties' arbitration agreement "falls under" the Convention and (2) the dispute "relates to" that arbitration agreement. (See Rec. Doc. 32 at 3).

In this case, the Court first applied the *Sedco* test in the context of determining that it had subject mater jurisdiction, (Rec. Doc. 32 at 3) and then affirmed that holding in granting the motion to stay pending arbitration: "The Court has already determined that the instant dispute arises from an agreement containing a broad arbitration clause and that the dispute relates to that agreement. As a result, the issues in this case arguably arise under the arbitration agreement and thus this Court has no discretion to deny the requested stay." (Rec. Doc. 32 at 7).

The question raised by Rain CII is whether this analysis conforms with the two step process–a jurisdictional analysis followed by a merits analysis–envisioned by the Fifth Circuit in *Beiser*, and if not, what standards the Court should have applied in ruling on ConocoPhillips's

motion to stay.

The *Beiser* court acknowledged the necessity of a two step process in the context of a challenge to whether a dispute "related" to an arbitration agreement. The court's primary concern was appealability. 284 F.3d at 672. They feared that if a district court improperly conflated a jurisdictional analysis with the arbitrability of the dispute, appellate review could be precluded on remand, contrary to "the solicitude with which federal law generally treats arbitration." *Id* at 673. Thus, it was appropriate to establish a minimal jurisdictional bar, followed by a more scrutinizing merits review of whether the dispute "relates to" the agreement. *Id.* The court there settled on a "low bar" for "relates to": "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" the plaintiff's case." 284 F.3d at 669. In that case, the plaintiff did not dispute that the agreement "fell under" the convention, and argued only about whether the dispute "related to" the agreement. *Id*. at 667-68. This case presents the inverse problem. As previously noted by the Court, Rain CII "[did] not appear to argue that the agreement does not 'relate to' the dispute within the meaning of 9 U.S.C. § 205." (Rec. Doc. 32 at 6 n.2). At issue, instead, is whether the agreement "fell under" the convention.

To determine whether an agreement falls under the Convention, a court should simply refer to 9 U.S.C. § 202, which defines this term of art as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a

corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

Instead, the Court applied the *Sedco* test. As noted above, the *Sedco* test was established by the Fifth Circuit to determine whether a court should compel arbitration (or stay proceedings pending arbitration). 767 F.2d at 1144. The *Sedco* test, originally modeled after the test in *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186-87 (1st Cir. 1982), includes the requirements of § 202, but adds requirements from several other sections of the Convention. 684 F.2d at 186-87. Thus, by applying the *Sedco* test at the jurisdictional stage, the Court in effect already applied the more rigorous test urged by Rain CII.

The Court therefore acknowledges that its characterization of *Sedco* as the test for determining whether the dispute falls under the Convention for the purposes of jurisdiction was inaccurate. The test should have been applied in Part II.B of the Court's Order and Reasons. However, because the Court held that the dispute meets the requirements of the test, this misplacement does not constitute a manifest error of law.[1]

Rain CII also argues that the Court should have applied a stricter standard of review, akin to summary judgment. As both parties acknowledge, the 5th Circuit has never discussed the appropriate standard for a district court to apply when considering a motion to stay or compel arbitration. (Rec. Doc. 38-3 at 10; Rec. Doc. 35 at 4). The majority of other circuits apply a summary judgment-like standard, giving deference to the claims of the non-movant. *See Clutts v. Dillard's, Inc.*, 484 F.Supp.2d 1222, 1224 (D.Kan. 2007). None of these cases involved the Convention.

---

[1] Further, concerns about "conflating" the two steps are minimized because the Court held that it had jurisdiction.

The Fifth Circuit has directed that district courts reviewing motions to compel arbitration or stay proceedings pending arbitration to conduct only a "limited inquiry." *Sedco*, 767 F.2d at 1144. Given the demonstrated preference for arbitration under the Convention, *see id.* at 1145, a summary judgment-like standard of review may not be appropriate.

Regardless, the appropriate standard is not outcome determinative in this case. Under any reasonable standard, the case at bar meets the *Sedco* test. Although Rain CII requests that the Court give greater credence to the declaration attached to its pleading, as discussed below neither that declaration nor ConocoPhillips's counter-affidavit are necessary for the Court to reach a conclusion regarding whether the dispute meets the statutory requirement for staying the case pending arbitration.

*C. Limitations on Discovery*

Rain CII next argues that the Court improperly limited its discovery, preventing it from deposing ConocoPhillips affiant Philip Higgins. In support, they cite the liberal discovery standards for summary judgment motions. (Rec. Doc. 38-3 at 12).

This was not a motion for summary judgment. Before the Court was a motion to stay pending arbitration. (Rec. Doc. 5). The Court reiterates that discovery is not necessary in this instance, (Rec. Doc. 31) as the Court's limited *Sedco* inquiry is satisfied by reference to the contract at issue. The Court's mention of the Higgins affidavit in its Order and Reasons (Rec. Doc. 32 at 6) was supplementary; it did not form the basis of its decision.[2] It is clear on the face

---

[2] The affidavit supports a finding that some of the coke sales at issue took place overseas. (Rec. Doc. 32 at 6). However, this finding is not necessary to the *Sedco* test, which is satisfied if "a party to the agreement [is] not an American citizen." 767 F.2d at 1144. The *Sedco*

6

of the agreement at issue that one of the parties is a foreign national, and this is sufficient to meeting the fourth prong of the *Sedco* test. (Rec. Doc. 32 at 5).

*D. Determining Arbitrability and Finding that the Agreement Provides for Arbitration in the Territory of a Convention Signatory*

Rain CII next argues that the Court erred by citing footnote 10 of *Sedco*, which noted that an arbitrator should determine arbitrability when the clause at issue is "broad." (Rec. Doc. 33-2 at 10). They argue that this footnote in *Sedco* does not survive the Supreme Court's decision in *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The Court agrees. The *First Options* court held that "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they intended to do so." *Id.* (alterations in original).

However, the 2005 agreement underlying this dispute incorporated by reference the American Arbitration Association (AAA) Commercial Rules. (Rec. Doc. 6-3 at 12). These rules provide that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." (Rec. Doc. 9-3 at 10). Courts confronted with this question have uniformly held that the incorporation of AAA rules in an arbitration clause constitutes clear and unmistakable language vesting the arbitrator with the authority to decide which issues are subject to arbitration. *See*

---

language condensed the statutory requirement, which reads: " An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202.

*Bollinger Shipyards Lockport LLC v. Northrop Grumman Ship Systems, Inc.*, 2009 WL 86704 at *5 (E.D.La. Jan. 12, 2009) (Vance, C.J.) (detailing the jurisprudence on this question across the circuits).

As such, the Court is obliged to leave the question of whether the dispute at issue is controlled by the 2005 agreement to the arbitrator's determination. If the arbitrator determines that this dispute falls outside the arbitration clause's ambit, then the parties may return to this Court for further proceedings.

In a related argument, Rain CII argues that the Court erred by allowing the AAA rules to fill the gap regarding the situs of the arbitration. (Rec. Doc. 33-2 at 14). Rain CII raises no new facts or law that compel the Court to reconsider its decision under FRCP 59(e).

*E. Manifest Injustice*

Rain CII asserts that the Court's Order and Reasons will result in manifest injustice, arguing, *inter alia*, that ConocoPhillips has fabricated the existence of a 2009 agreement. (Rec. Doc. 33-2). It is not the Court's place to determine whether these assertions are meritorious. If they are valid, presumably the arbitrator will determine that he lacks jurisdiction, at which time the parties can return to this Court.

*F. Appellate Review*

Finally, Rain CII requests that the Court certify its Order and Reasons for appellate review by the Fifth Circuit. (Rec. Doc. 33-2 at 17). The Fifth Circuit has made clear that orders for stays pending arbitration are not appealable orders. *South Louisiana Cement, Inc. v. Van*

*Aalst Bulk Handling, B.V.*, 383 F.3d 297, 301 (5th Cir. ). A stay is appropriate when a district court perceives that its involvement in the case may not be over. *Id.* at 301-302. As noted above, the Court has invited the parties to return to this Court should the arbitrator determine that he lacks jurisdiction over the dispute. As such, dismissal is not appropriate, and the Court denies the request to certify this matter for interlocutory appeal.

Accordingly,

IT IS ORDERED that Rain CII Motion to Reconsider, Alter, and Amend (Rec. Doc. 33) is DENIED.

New Orleans, Louisiana, this 11th day of January, 2010.

**HELEN G. BERRIGAN**
**United States District Judge**